21-1986-cv
Sibley v. Watches

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:   ROSEMARY S. POOLER,
                     GERARD E. LYNCH,
                     RAYMOND J. LOHIER, JR.,
                          *Circuit Judges.*
--------------------------------------------------------------
MONTGOMERY BLAIR SIBLEY,

    *Plaintiff-Appellant*,

    v.                                                                     No. 21-1986-cv

CHAUNCEY J. WATCHES, SOLELY
IN HIS OFFICIAL CAPACITY AS A
NEW YORK CONSOLIDATED
LAWS, PENAL LAW 265.00 (10)
LICENSING OFFICER,

*Defendant-Appellee*.*

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: MONTGOMERY BLAIR SIBLEY, *pro se*, Odessa, NY

FOR DEFENDANT-APPELLEE: ALEXANDRIA TWINEM, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED.

Montgomery Blair Sibley, a suspended attorney proceeding pro se, appeals from the July 21, 2021 judgment of the United States District Court for the Western District of New York (Geraci, J.) dismissing his complaint against County Court Judge Chauncey Watches, who denied Sibley's application for a firearm license.  Sibley also appeals from the District Court's August 5, 2021

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

order denying his motion to alter or amend its prior decision.  Sibley raises constitutional challenges to New York's law criminalizing the unlicensed possession of certain weapons, see N.Y. Penal Law § 265.01, and to New York's firearm licensing scheme, see N.Y. Penal Law § 400.00(1).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

While Sibley's appeal was pending, the Supreme Court decided New York State Rifle & Pistol Association, Inc. v. Bruen, No. 20-843, 2022 WL 2251305 (July 23, 2022).  Bruen concerned a provision of New York's firearm licensing scheme that required applicants for concealed carry licenses to show "proper cause."  Id. at *5 (quoting N.Y. Penal Law § 400.00(2)(f)).  The Supreme Court held that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home and that the "proper cause" requirement violated the constitutional rights of the plaintiffs, who had applied for and been denied concealed carry licenses.  Id. at *34.  We remand the case to the District Court to consider in the first instance the impact, if any, of Bruen on Sibley's claims, which concern a different provision imposing a "good moral character" requirement on applications for both carry and at-home licenses.  N.Y.

3

Penal Law § 400.00(1)(b).  We express no view as to that issue or any other issue that may arise before the District Court as a result of this remand.[1]

For the foregoing reasons, we VACATE the judgment of the District Court and REMAND the case for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] For example, one issue that may arise before the District Court on remand is whether recent amendments to New York's gun-licensing scheme that were enacted in response to Bruen and will become effective on September 1, 2022 render this case moot.  See 2022 N.Y. Sess. Laws Ch. 371 (S. 51001).